

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00174-CV

———————————————

IN THE ESTATE OF CLAUDE WILLIAM COLLINS, DECEASED

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2021-PR04037-1

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Jason Collins's notice of appeal is untimely.

Generally, a notice of appeal must be filed within thirty days after the appealable judgment or order is signed.[1] Tex. R. App. P. 26.1. "[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal or timely[ ]filed motion for extension, we must dismiss the appeal." *In re Guardianship of Fulbright*, No. 02-16-00230-CV, 2016 WL 4395804, at *1 (Tex. App.— Fort Worth Aug. 18, 2016, no pet.) (per curiam) (mem. op.); *see* Tex. R. App. P. 25.1(b).

Here, the probate court signed the challenged order on February 26, 2024, so Appellant's notice of appeal was due within thirty days, by March 27, 2024. *See* Tex. R. App. P. 26.1. Appellant did not file his notice of appeal until April 16, 2024.

Consequently, we notified Appellant that his notice of appeal appeared untimely, and we expressed our concern that we lacked jurisdiction over the appeal.[2]

---

[1]If the appealing party files a motion for new trial or other qualifying postjudgment motion to extend the deadline, the notice of appeal must be filed within ninety days after the appealable judgment or order is signed. Tex. R. App. P. 26.1(a). Additionally, an appellant can request a fifteen-day extension if the request is filed within fifteen days after the deadline for the notice of appeal. *See* Tex. R. App. P. 26.3. There is no indication that Appellant filed a qualifying postjudgment motion in this case, nor was Appellant's notice of appeal filed within fifteen days after its deadline.

[2]Although Appellant filed his notice of appeal pro se, his trial counsel has not filed a nonrepresentation notice. *See* Tex. R. App. P. 6.3(b), 6.4. Nonetheless, we sent notices expressing our jurisdictional concerns to both Appellant and his trial counsel.

We warned that we could dismiss the appeal for want of jurisdiction unless, within ten days, Appellant (or any other party) filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. More than a month has passed since then, and we have not received a response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 3, 2024

---

When the notice mailed to Appellant was returned as undeliverable, we sent a second notice, and we contacted the probate court and Appellant's trial counsel in an attempt to obtain additional contact information. Regardless, the notice sent to Appellant's counsel was not returned as undeliverable, and Appellant has failed to provide this court with any updated contact information.